IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00938-LTB-MJW

KOSMEDIX, INC.,

Plaintiff,

v.

ALERGAN, INC., et al.,

Defendants.

---

ORDER REGARDING
(1) PLAINTIFF'S MOTION FOR ENTRY OF PLAINTIFF'S PROPOSED PROTECTIVE
ORDER (DOCKET NO. 33)
AND
(2) DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER
(DOCKET NO. 34)

---

Entered by Magistrate Judge Michael J. Watanabe

This matter is before the court on Plaintiff's Motion for Entry of Plaintiff's Proposed Protective Order (docket no. 33) and Defendants' Motion for Entry of Protective Order (docket no. 34).  The court has reviewed both motions and has taken judicial notice of the court's file.  In addition, the court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law and order.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 26(c) provides for the entry of protective orders.

The decision to enter a protective order is within the court's discretion. <u>Thomas v. International Business Machines</u>, 48 F.3d 478, 482 (10th Cir. 1995). The party seeking a protective order has the burden to demonstrate good cause. <u>Sentry Insurance v. Shivers</u>, 164 F.R.D. 255, 256 (D. Kan. 1996).

In this case, all parties agree that a protective order should be entered pursuant to Fed. R. Civ. P. 26(c). Both sides to this lawsuit have submitted their versions of a proposed protective order. The only difference in the two versions of the proposed protective orders involve section 7.4 in Defendants' version.

Plaintiff argues that this court should not include section 7.4 in any protective order entered by this court because it allows the Defendants to invade the work product of Plaintiff's attorneys and allows the Defendants to interfere with the Plaintiff's retention and use of expert witnesses. Defendants argue that section 7.4 applies only to highly sensitive materials that are presented to non-party experts. Defendants further argue that in balancing the need to protect highly sensitive information that may cause substantial harm to the party that produced it versus those concerns regarding work product and a party's ability to retain experts this court should protect the highly sensitive information by including section 7.4 in the protective order that the court enters.

Here, the court finds that section 7.4 will not be included in the protective order. After reviewing carefully all of the provisions contained in the Plaintiff's version of the protective order, this court finds that sufficient protection exists within the Plaintiff's version of the protective order to cover Defendants' concerns to protect highly sensitive

information.

## ORDER

WHEREFORE, based upon these findings of fact and conclusions of law, this court ORDERS:

1. That Plaintiff's Motion for Entry of Plaintiff's Proposed Protective Order (docket no. 33) is GRANTED;

2. That Defendants' Motion for Entry of Protective Order (docket no. 34) is GRANTED;

3. That this court adopts the Plaintiff's version of the protective order and APPROVES that protective order as amended in paragraph 10 and such protective order is made an Order of Court; and,

4. That each party shall pay their own attorney fees and costs.

SIGNED AND DATED THIS 24th DAY OF OCTOBER, 2006.

BY THE COURT

s/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge